**FIJALKOVICH, Appellee,**

v.

**W. BISHOP CO., INC., Appellant, et al.**

[Cite as *Fijalkovich v. W. Bishop Co., Inc.* (1997), 123 Ohio App.3d 38.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71725.

Decided Sept. 29, 1997.

*R. John Fijalkovich, pro se.*

*Buckingham, Doolittle & Burroughs* and *John P. Slagter,* for appellant.

O'DONNELL, Judge.

The W. Bishop Co., Inc. appeals from a $2,000 judgment of the Berea Municipal Court entered pursuant to a bench trial in favor of R. John Fijalkovich on his claims arising from Bishop's installation of an undersized air conditioning unit at his newly constructed home.

The record reveals that in 1993, Bishop constructed a new home for Fijalkovich on Greyfriars Circle in North Royalton, Ohio, and agreed to warrant the home in accordance with a policy issued by the Building Industry Association. After moving in, Fijalkovich encountered construction problems with floors in the kitchen and family room, which Bishop failed to remedy; as a result, he filed a complaint with the Building Association. The American Arbitration Association adjudicated the claim and ordered Bishop to make repairs.

The record also reveals that about three weeks after Fijalkovich filed his complaint with the Building Association, Bishop's subcontractor, J & R Heating & Cooling, installed a three-ton central air conditioning unit at the home. Fijalkovich noticed that it failed to adequately cool the home on hot days and, throughout 1995, he informed Bishop of his complaint and requested a larger unit. In December 1995, Mike Hall, the owner of J & R Heating and Cooling, load-tested the unit and determined it to be of sufficient size. When Bishop

failed to replace the air conditioner, Fijalkovich sought a second arbitration but the Building Association refused to become involved because the warranty had expired. Fijalkovich then commenced this action in the Berea Municipal Court against Bishop, the Building Association, and Third Federal Savings & Loan, the escrow agent.

At trial, Bishop moved to dismiss Fijalkovich's complaint, arguing that because he had not raised the air conditioning claim at the arbitration proceeding, *res judicata* precluded him from litigating it in court. Fijalkovich countered that he had commenced the arbitration before J & R Heating and Cooling installed the air conditioner and that he did not realize, until late summer of 1995, that the air conditioner was inadequate to cool his home. The court then denied the motion.

Following production of evidence regarding the ability of the unit to cool the home, the trial court found for Fijalkovich, awarded him $2,000, and ordered Third Federal Savings to disburse the escrow funds to him.

Bishop now appeals raising three assignments of error for our review.

The first assignment of error states:

"The doctrine of *res judicata* to the claim of the plaintiff concerning his air conditioning unit when the plaintiff had knowledge of this claim during a previous arbitration and failed to assert this claim."

Bishop contends that, since Fijalkovich did not assert his air conditioning claim in the arbitration proceeding, *res judicata* precludes him from litigating this case and, therefore, the trial court abused its discretion when it denied Bishop's motion to dismiss.

Fijalkovich urges that since the air conditioning claim is unrelated to the claim involving the kitchen and family room floors, *res judicata* does not preclude litigation of this case and, thus, the trial court did not err when it denied Bishop's motion to dismiss.

The issue then presented for our review is whether *res judicata* precludes litigation of this case, since Fijalkovich failed to raise the air conditioner claim in the arbitration proceeding, and ultimately whether the trial court erred when it denied Bishop's motion to dismiss.

We begin by examining the doctrine of *res judicata* as it relates to arbitration awards. In *Cleveland v. Assn. of Cleveland Fire Fighters* (1984), 20 Ohio App.3d 249, 254–255, 20 OBR 311, 316–317, 485 N.E.2d 792, 798, we stated:

"An arbitration award has the same preclusive effect as a court judgment *for the matters it decided * * *. Ordinarily, an arbitration decision does not preclude subsequent litigation for issues which might have been decided but were*

*not* * * *. However, the party seeking to avoid issue preclusion has the burden of showing that the arbitrators did not decide that issue * * *." (Emphasis added.)

Here, it is undisputed that the American Arbitration Association neither considered nor decided the matter of the air conditioning unit. Further, since J & R Heating & Cooling installed the air conditioner three weeks after Fijalkovich filed the complaint for arbitration, and since Fijalkovich did not obtain the estimates until April 1995 and, therefore, did not have actual knowledge until four months before the arbitration hearing that the air conditioning unit needed to be replaced with a larger unit, we are not convinced that this matter might have been submitted to and decided by the arbitrators. Accordingly, this assignment of error is overruled.

The second assignment of error states:

"The trial court erred in granting judgment in plaintiff's favor when plaintiff failed to provide evidence meeting his burden of proof that his air conditioner was undersized and not working properly, and evidence of damages."

■ Bishop contends that the judgment is against the manifest weight of the evidence, arguing that Fijalkovich failed to present expert testimony regarding the need to replace the air conditioner with a larger unit, that its expert testified regarding the sufficiency of the unit, that the court erred in accepting Fijalkovich's ninety-three degree measurement of the outside temperature, ignoring evidence that on that day, the highest temperature at Cleveland International Airport is recorded at only eighty-seven degrees, and finally that Fijalkovich failed to show proof of damages.

Fijalkovich urges that the judgment is not against the manifest weight of the evidence, arguing that the evidence showed the insufficient size of the air conditioner.

The issue then presented for our review is whether the judgment is against the manifest weight of the evidence.

In *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, at syllabus, the court established the standard for determining whether a judgment in a civil case is against the manifest weight of the evidence:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273.

Here, Fijalkovich presented evidence that the air conditioner failed to lower the temperature in his home below eighty degrees at a time when he testified the

outside temperature exceeded ninety degrees. Mike Hall testified that the unit should have lowered the inside temperature to twenty degrees less than the outside temperature. Although Fijalkovich could not confirm the exact date of his temperature measurements, Hall admitted that on the day Fijalkovich asked him to conduct testing, the outside temperature "was high."

Further, Fijalkovich presented four estimates for the replacement of the three-ton air conditioner with a four-ton unit, one of which expressly recommended the larger size, ranging in price from $1,989 to $2,550. While Hall presented evidence gleaned from his inspections of the air conditioner, he failed to measure the inside temperature of the home and, thus, offered no evidence to contradict Fijalkovich's measurements.

Hence, the trial court's judgment is supported by some competent, credible evidence going to all the essential elements of the case and, accordingly, this assignment of error is overruled.

The third assignment of error states:

"The trial court erred in granting judgment in favor of the plaintiff by awarding plaintiff two thousand dollars ($2,000) to replace his existing air conditioner and not requiring plaintiff to return the original air–conditioning unit or providing defendant a credit for the value of the air–conditioner unit that is in plaintiff's possession."

Bishop here contends that the court abused its discretion in awarding a judgment but failing to order Fijalkovich to return the existing three-ton air conditioning unit, arguing that the award is excessive.

Fijalkovich urges that since Bishop failed to raise this issue at trial, it has waived its right to do so on appeal.

The issue then presented for our review is whether the trial court abused its discretion when it entered judgment but failed to order return of the existing three-ton air conditioning unit to Bishop.

From our review of the record in this case, we observe that Bishop neither filed a counterclaim seeking return of the unit nor, following the verdict, sought a remittitur of the damages award. In *Cox v. Oliver Mach. Co.* (1987), 41 Ohio App.3d 28, 35, 534 N.E.2d 855, 862, the court stated:

"If the verdict is excessive, but not influenced by passion or prejudice, the court may reduce the verdict by remittitur to any amount warranted by the evidence."

Further, Bishop failed to seek a judgment notwithstanding the verdict or a new trial based upon a claim of an excessive damages award.

■ It is well settled in Ohio that a reviewing court will not consider issues which the appellant failed to raise in the trial court. See *Cleveland v. Assn. of Cleveland Fire Fighters, Local 93, Internatl. Assn. of Fire Fighters* (1991), 73 Ohio App.3d 220, 596 N.E.2d 1086; *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629.

Finally, Fijalkovich filed a claim seeking only money damages, which the court awarded him. Accordingly, this assignment of error is overruled. For the foregoing reasons, the judgment of the Berea Municipal Court is affirmed.

*Judgment affirmed.*

MATIA, P.J., and NAHRA, J., concur.