GROSSMAN et al., Appellants

v.

ANDROS, Appellee.

[Cite as *Grossman v. Andros* (1999), 135 Ohio App.3d 712.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75038.

Decided Dec. 9, 1999.

714

*Petronzio, Schneier & Willis Co., L.P.A.*, and *Robert J. Willis*, for appellants.

*Terrence J. Kenneally & Associates, Sean P. Allan* and *Terrence J. Kenneally*, for appellee.

---

MICHAEL J. CORRIGAN, Judge.

Plaintiff-appellants, Lynn Grossman and Bernard Grossman, appeal from the jury verdict entered in the Cuyahoga County Court of Common Pleas in favor of defendant-appellee, Mark Andros.

Lynn Grossman and the appellee were involved in a motor vehicle accident at the intersection of Bushnell Road and Mirimar Boulevard in University Heights on or about June 29, 1993. The two vehicles collided in the middle of the intersection, which is controlled by stop signs at all four corners. At trial there was conflicting evidence presented as to whether each of the parties had stopped at his or her stop sign before proceeding into the intersection. At the close of all evidence, the appellants moved for a directed verdict in accordance with Civ.R. 50(A). This motion was denied by the trial court.

On June 4, 1998, the jury unanimously returned a verdict in favor of the appellee. The jury was also given an interrogatory that asked: "Was defendant Mark Andros negligent, and did that negligence directly and proximately cause any injury to the plaintiff?" All eight members of the jury responded in the negative to this interrogatory. Based on the wording of the interrogatory, the jury's response can be interpreted as either a finding that the appellee was not negligent and did not cause the accident or, if the appellee was in some manner negligent, that his negligence was not the proximate cause of the injuries suffered by the appellants. In an order journalized on July 13, 1998, the trial court denied the appellants' motion for judgment notwithstanding the verdict and new trial, which had been filed on June 18, 1998. The appellants timely commenced this appeal on August 12, 1998.

The appellants submit three assignments of error for this court's review. The first assignment of error states:

"The trial court erred as a matter of law in denying appellant's [sic] motion for directed verdict as to the negligence of appellee."

Civ.R. 50(A), which sets forth the grounds upon which a motion for directed verdict may be granted, states:

"(A) Motion for directed verdict.

"(1) *When made.* A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence.

"(2) *When not granted.* A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.

"(3) *Grounds.* A motion for a directed verdict shall state the specific grounds therefor.

"(4) *When granted on the evidence.* When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

■ A motion for directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to that party. Civ.R. 50(A)(4); *Crawford v. Halkovics* (1982), 1 Ohio St.3d 184, 1 OBR 213, 438 N.E.2d 890; *The Limited Stores, Inc. v. Pan Am. World Airways, Inc.* (1992), 65 Ohio St.3d 66, 600 N.E.2d 1027.

■ A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of this claim. *Cooper v. Grace Baptist Church* (1992), 81 Ohio App.3d 728, 734, 612 N.E.2d 357, 360–361. The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. *Hargrove v. Tanner* (1990), 66 Ohio App.3d 693, 695, 586 N.E.2d 141,

141–142; *Vosgerichian v. Mancini Shah & Associates* (Feb. 29, 1996), Cuyahoga App. Nos. 68931 and 68943, unreported, 1996 WL 86684.

The appellants maintain in this assignment of error that they were entitled to a directed verdict because of the undisputed evidence at trial that the appellee failed to stop his vehicle precisely at the stop line prior to entering the intersection. The appellee testified that the vehicle he was operating at the time of the accident had a stick shift and that as he was approaching the intersection, he shifted into neutral and came to a full stop four to five feet in front of the stop sign and roughly the same distance behind the line on the pavement, which functioned as a stop line.

R.C. 4511.43(A) states:

"Except when directed to proceed by a law enforcement officer, *every driver of a vehicle* or trackless trolley *approaching a stop sign shall stop at a clearly marked stop line*, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it." (Emphasis added.)

The statute does not state the exact distance from the stop line at which a vehicle must come to a stop to be considered stopped at the stop line. It is a matter of common sense that automobiles that come to a stop at a stop sign do not always stop exactly at the stop line. Inevitably some cars are going to come to a stop slightly before or past the stop line.

The question raised in this assignment of error is whether the appellee was in substantial compliance with R.C. 4511.43(A) when he came to a stop four or five feet in front of the stop sign before proceeding through the intersection. The appellants have not drawn this court's attention to any case authority that stands for the proposition that a person who stops his vehicle four or five feet before a stop line is not stopping "at" the stop line for purposes of compliance with R.C. 4511.43(A). The wording of R.C. 4511.43(A) makes it clear that its purpose is to allow a driver to stop and observe the intersection so that he may yield to any vehicle having the right of way prior to entering the intersection. The statute was written so as to require substantial, rather than strict or literal, compliance. If the courts were to require strict compliance with R.C. 4511.43(A), it would lead to the absurd result of finding every motorist who came to a stop however slightly before or after a stop line negligent *per se*, regardless of whether his failure to stop exactly at the stop line impeded his ability to safely enter the intersection.

In this case, the appellee testified that he stopped in front of the stop line and observed the intersection for other vehicles prior to proceeding into the intersec-

tion in first gear. There is no evidence in the record that there were any obstructions or hazards that would have altered the appellee's view of the intersection if he had been a few feet closer to the stop line when he came to a complete stop. The jury also heard evidence from the appellee that appellant Lynn Grossman never stopped at the stop sign at her corner of the intersection, but rather proceeded directly into the intersection in clear violation of R.C. 4511.43(A).[1] Thus, it cannot be said that appellee failed to produce any evidence at trial in support of his assertion that he stopped within an appropriate distance from the stop line and that the accident in issue was not caused by any negligence on his part. The jury verdict and interrogatories were supported by competent and credible evidence going to all the essential elements of the case. Therefore, the trial court correctly denied the appellants' motion for a directed verdict on the issue of the appellee's negligence. The first assignment of error is overruled.

The appellants' second assignment of error states:

"The trial court abused its discretion in denying appellants' motion for judgment not withstanding [sic] the verdict and new trial."

█ The standard of review for a ruling on a motion for judgment notwithstanding the verdict is the same one applicable to a motion for a directed verdict. See *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 74 O.O.2d 427, 344 N.E.2d 334; *Bruggeman v. Fishbaugh* (1994), 96 Ohio App.3d 200, 644 N.E.2d 1051. The appellants' motion for a directed verdict was not made until the close of all evidence. Therefore, our disposition of the first assignment of error renders this assignment of error moot.

The appellants' third assignment of error states:

"The jury's verdict was against the manifest weight of the evidence."

█ Section 3(B)(3), Article IV of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the factfinder. Thus, when an error is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and duty to weigh the evidence and to determine whether the findings of * * * the trier of the facts were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." *State ex rel. Squire v. Cleveland* (1948), 150 Ohio St. 303, 345, 38 O.O. 161, 177, 82 N.E.2d 709, 729.

---

1. This testimony by the appellee was strongly controverted by Grossman, who testified that she came to a full and complete stop at her stop line prior to entering the intersection. We note the testimony of the appellee for the purpose of illustrating an issue of fact that precluded the trial court from granting the appellants' motion for a directed verdict.

The standard for reviewing whether a civil judgment is against the manifest weight of the evidence was established in the syllabus of *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 262, 376 N.E.2d 578, 579:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

■ If competent, credible evidence is present, a reviewing court will not reverse the trial court's judgment. *Fijalkovich v. W. Bishop Co., Inc.* (1997), 123 Ohio App.3d 38, 702 N.E.2d 1238.

■ Although we have independently reviewed the evidence, as we are required to do when evaluating a manifest-weight-of-the-evidence assignment of error, we decline to substitute our judgment for that of the jury, which had a superior opportunity to observe the witnesses when determining the credibility and weight to be given to their conflicting testimony.

The jury heard testimony from each driver that, if believed, would inculpate the other as the sole cause of the accident. Each driver testified that he or she came to a complete stop before cautiously entering the intersection. The jury apparently found the testimony of the appellee to be more credible than that of Grossman. It is not the province of this court to substitute its determination of witness credibility for that of the jury.

■ In our disposition of the appellants' first assignment of error, we already concluded, after examining the relevant evidence adduced at trial, that there existed more than sufficient competent, credible evidence to support the jury verdict in this case. This assignment of error lacks merit.

*Judgment affirmed.*

O'DONNELL, P.J., and TIMOTHY E. McMONAGLE, J., concur.