JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision by the common pleas court awarding damages to plaintiffs, a property owner and its lessee, as a result of a gasoline spill on their property during a delivery by defendant-appellant Sun Co., Inc. (Sun) on December 22, 1993. Sun argues:
 I. THE TRIAL COURT SHOULD HAVE ENTERED JUDGMENT IN SUN'S FAVOR ON APPELLEES' CLAIM FOR RESTORATION COSTS DUE TO APPELLEES' FAILURE TO PRESENT EVIDENCE OF DIMINUTION IN VALUE.
II. THE JURY VERDICT WAS EXCESSIVE.
The property owner and lessee cross-appeal, asserting:
 THE TRIAL COURT ERRED IN EXCLUDING CRITICAL EVIDENCE SUPPORTING CROSS-APPELLANTS' PUNITIVE DAMAGES CLAIM.
We find none of these contentions has merit; therefore, we affirm the trial court's decision.
 PROCEEDINGS BELOW
The complaint in this case was filed on December 15, 1995. It asserted four causes of action on behalf of plaintiffs Francis Corporation, the property owner, and its lessee, Maja, Inc., arising out of a gasoline spill from a Sun tanker truck that was delivering gasoline to plaintiffs' premises. Plaintiffs claimed Sun (1) was negligent, (2) trespassed on plaintiffs' property, (3) was strictly liable for its abnormally dangerous activity, and (4) created a nuisance. Sun denied the essential allegations of the complaint and asserted a number of affirmative defenses. It also asserted a third-party complaint against R.J. Platten Contracting, Inc. for indemnification and contribution. The court severed the trials on the complaint and third-party complaint.
The case proceeded to trial on the complaint on June 8, 1998. The trial court instructed the jury that Sun was negligent as a matter of law, submitting to them only the issues of proximate cause and damages. The jury awarded plaintiffs $371,500 in compensatory damages but no punitive damages. The court subsequently awarded plaintiffs prejudgment interest totaling $166,106.30, sanctioned Sun $50,000 for frivolous conduct, and awarded plaintiffs $50,000 for their attorney's fees. Sun later dismissed its third-party complaint.
Following the trial, appellant moved for judgment notwithstanding the verdict, asserting that the verdict should be reduced.[1] The trial court orally overruled this motion, stating that [t]he evidence * * * was clear that the plaintiff suffered many intangible damages in addition to the physical damage involved * * *, and that was all included in the verdict.
 LAW AND ANALYSIS
Jurisdiction The trial in this case concerned only plaintiffs' claim for negligence; it did not address plaintiffs' claims for strict liability, trespass, or nuisance. These claims were not dismissed or otherwise disposed of on the record,[2] and the trial court did not determine there was no just reason for delay. Thus, there is a question as to whether the court's order was final and appealable.
Plaintiffs' other claims were rendered moot by the judgment on plaintiffs' negligence claim. Strict liability and negligence are complementary but distinct alternative theories of liability. Carrel v. Allied Prods. Corp. (1997), 78 Ohio St.3d 284, 287 n. 1; Bowling v. Heil Co. (1987), 31 Ohio St.3d 277, 279. The measure of damages for tort harm to land is the same whether the theory of recovery is trespass, nuisance, negligence, or strict liability. Ohio Collieries Co. v. Cocke (1923), 107 Ohio St. 238, paragraph 5 of the syllabus; Reeser v. Weaver Bros., Inc. (1992), 78 Ohio App.3d 681 (nuisance); Miller v. Jordan (1993), 87 Ohio App.3d 819 (trespass); Denoyer v. Lamb (1984),22 Ohio App.3d 136, 138-39 (citing 4 Restatement of the Law 2d, Torts (1979), Section 929). Thus, there was no potential for a different or larger recovery under any of these theories. Cf. Eboigbe v. Zoological Soc. of Cincinnati(1994), 96 Ohio App.3d 102, 115 (court erred by failing to address contract claim with potential for greater recovery than tort claim).
 The term `claim' as used in the context of Civ.R. 54(B) refers to a set of facts which give rise to legal rights, not to the various legal theories of recovery which may be based upon those facts. * * * Unless a separate and distinct recovery is possible on each claim asserted, multiple claims do not exist. * * * [Citations omitted.]
Stasiuk v. Cleveland (1991), 72 Ohio App.3d 35, 39 (quoting Aldrete v. Foxboro Co. [1988], 49 Ohio App.3d 81, 82). The four counts of the complaint here were not separate and distinct claims but simply alternative theories of liability based upon a single set of facts. Therefore, the requirements of Rule 54(B) were met and the judg-ment was a final, appealable order.
 Appeal A. Evidence of Damages.
In the first assignment of error, appellant argues that appellees' recovery should have been precluded by their failure to present evidence of the diminution in the value of their land as a result of the gasoline spill. Appellant contends that appellees were entitled to recover the lesser of (a) the cost of restoring the property to its pre-tort condition, or (b) the difference in the market value of the property as a whole before and after the injury. Absent evidence of the difference in market value, appellant claims appellees could not recover the restoration costs.
As a general rule,
 (1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for
 (a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,
(b) the loss of use of the land, and
(c) discomfort and annoyance to him as an occupant.
Restatement of the Law 2d, Torts (1979), section 929(1) (emphasis added). The comments to this section indicate that:
 b. Restoration. Even in the absence of value arising from personal use, the reasonable cost of replacing the land in its original position is ordinarily allowable as the measure of recovery. * * * If, however, the cost of replacing the land in its original condition is disproportionate to the diminution in the value of the land caused by the trespass, unless there is a reason personal to the owner for restoring the original condition, damages are measured only by the difference between the value of the land before and after the harm.
Proof of the fair market value differential is usually needed to determine whether restoration costs are reasonable. Shell Oil Co. v. Huttenbauer Land Co. (1997), 118 Ohio App.3d 714, 721 n. 7 (citing Thatcher v. Lane [1970], 21 Ohio App.2d 41). However, failure to present evidence of diminution in market value is not necessarily fatal to a claim for tort damages to real property. Apel v. Katz (1998),83 Ohio St.3d 11, 20. Where, as here, the owner is required by law to remediate contaminated real property, restoration costs are an appropriate measure of damages, regardless of the effect of the contamination on market value.[3] Therefore, we overrule the first assignment of error.
B. Excessive Verdict.
Appellant next asserts that the verdict exceeded the damages appellees proved on the record. Appellant claims the evidence supported an award of compensatory damages of $263,084.77,[4] at most. It surmises that additional amounts must represent intangible damages, including personal expenses incurred by the sole shareholder of appellee corporations. Appellant argues these expenses were not recoverable by appellees.
We assume this assignment of error challenges the trial court's ruling on appellant's motion for judgment notwithstanding the verdict. The same test applies to a motion for judgment notwithstanding the verdict and a motion for a directed verdict. The trial court does not weigh the evidence or assess the credibility of the witnesses; it must construe the evidence most strongly in favor of the non-movant. The motion must be denied if there is substantial evidence to support the verdict. Cardinal v. Family Foot Care Centers, Inc. (1987), 40 Ohio App.3d 181, 183.
The jury was instructed to make plaintiff whole and to determine an amount which will make him whole to the extent that he would have been had the spill and the resulting damages never occurred. Evidence was presented and arguments were made regarding injuries suffered by appellees' sole shareholder. The jury was not instructed that they could not award appellees damages for those injuries. Appellant has not pointed out where in the record they requested such an instruction, if they did. Appellant did not raise this issue in its motion for judgment n.o.v. or in oral argument before the trial court. It is well settled that a reviewing court will not consider issues which appellant failed to raise in the trial court. Fijalkovich v. W. Bishop Co., Inc. (1997), 123 Ohio App.3d 38,43.
Moreover, a trial court may not unilaterally reduce a jury verdict. If the verdict is excessive (but not the result of passion and prejudice), the court may order a remittitur or, alternatively, a new trial. Cox v. Oliver Machinery Co. (1987), 41 Ohio App.3d 28, 35. This was not relief appellant requested. The trial court did not err by refusing to reduce the verdict unilaterally.
Therefore, we overrule the second assignment of error.
 Cross-Appeal
The cross-appeal contends the court erroneously excluded evidence that would have supported appellees' claim for punitive damages; however, the rulings about which appellees complain address arguments of appellees' counsel, not the admissibility of evidence. Appellees did not attempt to introduce the evidence they claim the court excluded; therefore, we reject the cross appeal.
The trial court's judgment is affirmed.
It is ordered that each party shall pay its own costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and ANNE L. KILBANE, J. CONCUR
JUDGE KENNETH A. ROCCO
[1] Appellants' motion argued that the excess amount represented attorney's fees that plaintiff was not entitled to recover.
[2] The trial transcript indicates that these claims were withdrawn, but there is no judgment entry disposing of them.
[3] Appellant claims that evidence of the diminution in market value was necessary as a yardstick for determining whether the damages claimed exceeded the amount needed to restore the property to its pre-tort condition. However, the difference in the value of appellees' property before and after the spill would tell us nothing about whether repairs improved the property beyond its pre-spill condition. To ascertain this, we would need to know the value of the property after the repairs were made; this value could then be compared with the property's pre-tort value.
[4] Appellant does not explain its source for this amount on the evidence.