BUSZKIEWICZ, Appellant,

v.

DiFRANCO et al., Appellees.

[Cite as *Buszkiewicz v. DiFranco* (2000), 140 Ohio App.3d 126.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76436.

Decided Nov. 30, 2000.

128

*Monroe & Zucco,* and *Jules N. Koach,* for appellant.

*Gerald J. Patronite Co., L.P.A.,* and *Gerald J. Patronite,* for appellees.

MICHAEL J. CORRIGAN, Judge.

Plaintiff-appellant herein, Kathleen J. Buszkiewicz, appeals from the trial court's ruling, subsequent to a bench trial, in favor of defendants-appellees Damion A. DiFranco and Kenneth Kornell on Buszkiewicz's complaint for unlawful encroachment. The trial court found that the appellant was prohibited from prosecuting her complaint by the doctrine of adverse possession, as the alleged encroachment, a fence, had been in existence since and substantially beyond the twenty-one-year period provided for by R.C. 2305.04 in which a property owner is required to commence an action to recover title to or possession of real estate. Finding that the trial court correctly determined that the doctrine of adverse possession prohibited the appellant from prevailing in the within action, we affirm the ruling of the trial court.

Appellant took title to the property located at 1255 Cleveland Heights Boulevard in Cleveland Heights, Ohio, on or about October 23, 1984. Appellee DiFranco obtained title to the adjacent premises located at 1251 Cleveland Heights Boulevard in March 1977. In December 1978, DiFranco quit–claimed a one-half interest in the premises he owned to co-appellee Kornell. The property line between the two residences is demarcated by a redwood fence, which is surrounded on both sides by trees and heavy shrubbery. DiFranco testified that the fence was present at its current situs at the time that he purchased the property and that the fence had obviously been erected well before 1977. According to a survey of the subject property line introduced at trial, the fence encroaches at different points on the property of the appellant a distance from 1.2 to 1.9 feet. This finding was not contested at trial by the appellees.

The appellant filed the within action seeking a declaration from the trial court that the purported encroachment was unlawful on December 31, 1997. The appellees filed a counterclaim seeking a ruling from the court that they were the true and lawful owners of the contested property. A two–day bench trial commenced on November 24, 1998. On December 16, 1998, the trial court entered judgment in favor of the appellees both on appellant's complaint and on appellees' counterclaim. On December 29, 1998, the appellant filed a request for written findings of fact and conclusions of law. The trial court's memorandum of opinion was filed on April 30, 1999. The within appeal was thereafter timely commenced from the ruling of the trial court.

The appellant's first and third assignments of error are interrelated and will be addressed concurrently in this opinion. The first and third assignments of error state:

"I. The trial court erred, to the prejudice of appellant, when it found that the burden of proof necessary to sustain a claim or defense of title to property by

adverse possession is proof by the greater weight of the evidence rather than by evidence that is clear and convincing."

"III. The judgment rendered by the trial court is against the manifest weight of the evidence. Appellant is entitled to an entry of final judgment in her favor as a matter of law."

■ The appellant is correct in noting that the appropriate evidentiary standard to be applied in an adverse possession determination is clear and convincing evidence rather than the preponderance of evidence. In *Grace v. Koch* (1998), 81 Ohio St.3d 577, 580–581, 692 N.E.2d 1009, 1011–1012, a decision released approximately six months prior to the trial in the instant case, the Supreme Court stated:

■ "The court of appeals spoke at length about adverse possession being disfavored. We agree. A successful adverse possession action results in a legal titleholder forfeiting ownership to an adverse holder without compensation. Such a doctrine should be disfavored, and that is why the elements of adverse possession are stringent. See 10 Thompson on Real Property (Thomas Ed.1994) 108, Section 87.05 ('there are no equities in favor of a person seeking to acquire property of another by adverse holding'). We believe that the burden of proof should be equally rigorous. A substantial majority of our sister states agree and already apply the clear and convincing evidentiary standard, or a variant thereof, to adverse possession claims. [Footnote omitted.] We hold that to acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years."

The appellant's attorney concedes in the brief filed with this court that both he and opposing counsel were mistaken throughout the proceedings up to and including the trial as to the appropriate burden of proof required, and that he repeatedly misinformed the trial court as to proper standard. Additionally, the appellees submitted a proposed jury instruction from Ohio Jury Instructions on adverse possession, without objection from the appellant, which stated that the elements of adverse possession need be proven only by the preponderance of the evidence. On November 30, 1998, after the trial had concluded, the appellant filed a motion for leave to file a supplemental trial brief instanter. The supplemental trial brief attached to the motion advised the trial court of the holding in *Grace* concerning the heightened burden of proof required. The motion for leave to file was not ruled upon by the trial court prior to releasing its memorandum of opinion.

We need not reach the question of whether the invited error doctrine precludes appellant from asserting that the trial court erred in applying the preponderance

of evidence standard as there is more than sufficient evidence in the record to support the trial court's verdict using the clear and convincing standard and virtually no evidence which tended to support appellant's assertion that her action was not barred by the doctrine of adverse possession.

Because we find that the trial court's reference to the preponderance of evidence standard rather than the appropriate clear and convincing evidence standard was harmless error, we overrule appellant's first assignment of error.

 Section 3(B)(3), Article IV of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the factfinder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and duty to weigh the evidence and determine whether the findings of * * * the trier of the facts were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." *State ex rel. Squire v. Cleveland* (1948), 150 Ohio St. 303, 345, 38 O.O. 161, 177, 82 N.E.2d 709, 729.

The standard for reviewing whether a civil judgment is against the manifest weight of the evidence was established in the syllabus of *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 262, 376 N.E.2d 578, 579, wherein the court held:

 "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

 If competent, credible evidence is present, a reviewing court will not reverse the trial court's judgment. *Fijalkovich v. W. Bishop Co., Inc.* (1997), 123 Ohio App.3d 38, 702 N.E.2d 1238.

 The trial court's opinion clearly establishes that the court believed that the fence in question had existed for a period of time considerably longer than the requisite twenty-one years and that the appellant was, therefore, unable as a matter of law to prevail on her claim of unlawful encroachment. The trial court specifically stated: "The fence has been in existence continuously since and substantially beyond the 21 year period and earlier than 1976. The plaintiff's lawsuit was filed on December 31, 1997."

The opinion contains no reference to the appellant's assertions that the twenty-one-year period was interrupted by the appellees' periodic maintenance of and improvements to the fence. The trial court correctly believed that due to the minimal nature of the repairs and improvements made to the fence, the same were not relevant to a determination of whether the appellant's cause of action was barred by the doctrine of adverse possession.

■ To acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. *Grace v. Koch, supra,* at 579, 692 N.E.2d at 1011; see, also, *Pennsylvania RR. Co. v. Donovan* (1924), 111 Ohio St. 341, 349–350, 145 N.E. 479, 482; *State ex rel. A.A.A. Investments v. Columbus* (1985), 17 Ohio St.3d 151, 153, 17 OBR 353, 356, 478 N.E.2d 773, 776; *Gill v. Fletcher* (1906), 74 Ohio St. 295, 78 N.E. 433; *Dietrick v. Noel* (1884), 42 Ohio St. 18, 21; R.C. 2305.05. Failure of proof as to any of the elements results in failure to acquire title by adverse possession. *Grace, supra,* at 579, 692 N.E.2d at 1011; *Pennsylvania RR. Co. v. Donovan,* 111 Ohio St. at 349–350, 145 N.E. at 482.

The court in *Grace* also explained the showing necessary to demonstrate that the possession of another's property is adverse:

· ■ "This court has stated that '[i]t is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character,' *Humphries v. Huffman* (1878), 33 Ohio St. 395, 402 [1878 WL 6], and that 'the occupancy must be such as to give notice to the real owner of the extent of the adverse claim.' *Id.* at 404. In *Lane v. Kennedy* (1861), 13 Ohio St. 42 [1861 WL 90], this court stated that to make possession adverse, 'there must have been an intention on the part of the person in possession to *claim title, so manifested* by his declarations or his acts, that a failure of the owner to prosecute within the time limited, raises a presumption of an extinguishment or a surrender of his claim,' (Emphasis *sic.*) *Id.* at 47.

"The Vermont Supreme Court stated the same proposition more colorfully when it declared that to establish adversity, '[t]he tenant must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest.' *Darling v. Ennis* (1980), 138 Vt. 311, 313, 415 A.2d 228, 230. See, also, *Philbin v. Carr* (1920), 75 Ind.App. 560, 591, 129 N.E. 19, 30." *Grace v. Koch, supra,* at 581, 692 N.E.2d at 1013.

The repairs and improvement made to the fence at issue in the instant case in no way affected its open, notorious, continuous, and adverse character. To the contrary, an argument could be made that by conspicuously maintaining the fence the appellees' possession of the small piece of land belonging to the appellant became more, rather than less, open and notorious.

There was absolutely no evidence in the record tending to establish that the fence was less than twenty-one years old at the time this action was commenced. Pictures of the fence as it appeared in 1977 and 1978 were introduced into evidence at trial. The finder of fact was free to view these pictures, which portrayed a shabby fence and a yard in disrepair, and conclude that the fence

could not possibly have been brand new when the premises at 2151 Cleveland Heights Boulevard were purchased by appellee DiFranco in March 1997. Any other conclusion would have been unreasonable.

Because we conclude that there was clear and convincing evidence of the adversity of the appellees' claim to the strip for the entire statutory period, we hereby overrule this assignment of error.

The appellant's second assignment of error states:

■■■ "II. The trial court erred, to the prejudice of appellant, when it failed, upon timely objection, to strike testimony given by a party witness upon cross-examination that was not responsive to the question propounded and contained a hearsay statement that involved a substantial right of appellant. Said error constituted a clear and prejudicial abuse of discretion."

Initially, we note that because the trial in the instant matter was tried to a judge and not a jury there was a minimal risk of any prejudice arising from the court's alleged improper evidentiary ruling. The allegedly nonresponsive, hearsay statement made by appellee Kornell was made during the course of the following exchange:

"Q: * * * Do you know of your own knowledge when the claim for adverse possession started?

"A: Well, I don't know legally, but mentally it started when plaintiff insisted on having the fence moved. And then legally it must have been January.

"Q: Let me ask this, because I don't want to let your answer stay. In terms of what I am referring to, can you give us a date of your own knowledge when that land that you are claiming now by adverse possession came to be in the position that it's in. If you don't know say you don't know.

"A: When I spoke to John Conrow after I bought the house.

"Q: Of your own knowledge.

"Mr. Patronite: Let him answer.

"The Court: Finish it as you wish, your answer.

"A: The former owner told me when I bought the house he did not construct the fence, the previous owner had. So I know it was at least three or four years before we bought the house. And everyone told us in the neighborhood that the Harris's had erected the fence in the late fifties or early sixties.

"Mr. Koach: Objection. Ask the answer be stricken.

"The Court: So you asked for it. You accept the answer. You asked him."

It is apparent from the above excerpt from the trial transcript that the trial court did not sustain the objection made to the answer provided because the answer was given in response to a question asked of the witness by the appellant's own attorney on cross-examination. The appellant's attorney was not satisfied with the previous answer to the question given by the witness and stated that I don't want to let your answer stand. The appellant's attorney could not repeatedly badger the witness to answer a question and then complain when the answer provided is not to his satisfaction. Additionally, we find that to the degree that any of the statements made by Kornell of which the appellant complains constituted hearsay, the appellant was not prejudiced thereby.

The appellant's second assignment of error is overruled.

The appellant's fourth assignment of error states:

"IV. The trial court erred, to the prejudice of appellant, when, without a hearing, it granted a motion *in limine* that sought to exclude the testimony of an expert witness. Said error constituted an abuse of judicial discretion."

In this assignment of error, the appellant complains that the testimony of her expert, who would have purportedly testified that the footers of the fence had been removed from their original location, which were on, or very near, the boundary line of the two properties, and had been relocated on appellant's property. The motion *in limine* stated that to permit the testimony of appellant's expert would prejudice the ability of the appellees to defend the complaint and to present their counterclaim. The motion, which was filed on November 24, 1998, the morning of trial, stated that the appellees had repeatedly requested discovery of the appellant, including the names of all expert witnesses and any expert report, between March 13, 1998 and May 22, 1998. As of the date of the final pretrial, October 14, 1998, the parties represented that discovery was complete and that all witnesses had been identified. It was not until November 19, 1998, that the appellant provided the name of her proposed expert and the accompanying expert report.

A trial court has inherent authority to regulate discovery. *State ex rel. Grandview Hosp. Ctr. v. Gorman* (1990), 51 Ohio St.3d 94, 554 N.E.2d 1297. Civ.R. 37 reinforces this inherent authority by affording courts the ability to impose sanctions upon these persons who unjustifiably seek or resist discovery. The admission of evidence is generally within the sound discretion of the trial court and a reviewing court may reverse only upon the showing of an abuse of that discretion. *Renfro v. Black* (1990), 52 Ohio St.3d 27, 32, 556 N.E.2d 150, 155.

We are compelled to conclude herein that the trial court did not abuse its discretion in granting the appellees' motion *in limine*. The last-minute revelation of the appellant's expert plainly constituted an undue burden and surprise.

The appellees had virtually no time whatsoever to depose the witness and to examine the expert report. See Civ.R. 26(B)(4)(b). Finding that the trial court did not abuse its discretion in granting appellees' motion *in limine*, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

TIMOTHY E. MCMONAGLE, P.J., and ROCCO, J., concur.