OPINION
Appellant, Dorothy Sherman, appeals from the June 21, 2001 judgment entry of the Willoughby Municipal Court.
Appellant leased an apartment at 33145 Vine Street, Eastlake, Ohio ("the unit").[1] The unit was located in the Willo Vu Apartment Complex. Appellant occupied the unit from 1995 through October 1999. The last one-year lease she signed for the unit covered the period from April 1, 1999 through March 31, 2000. In October 1999, appellant vacated the unit, apparently due to problems with ice condensing on the windows, which resulted in the carpet being constantly wet. The unit was leased to a new tenant in January 2000; however, the unit was vacant in November and December 1999.
On January 7, 2000, appellant received a letter from Willo Vu Apartments stating that she owed $730: $60 for carpet repairs, a $100 re-rental fee, $435 rent for November 1999, and $435 rent for December 1999. Willo Vu credited her $300 for her security deposit.
On July 31, 2000, Willo Vu filed a complaint in the Willoughby Municipal Court, requesting judgment against appellant in the sum of $730. Appellant moved to strike the complaint on the basis that Willo Vu was a legal fiction. An amended complaint was filed on October 5, 2000, naming DPS Partnership as the plaintiff. Appellant filed a motion to dismiss on February 14, 2000. In the brief in support of her motion, appellant alleged that DPS Partnership was not registered with the secretary of state, and that it had failed to file a certificate showing the names of the partners as required by R.C. 1777.02. In a March 13, 2001 judgment entry, the trial court converted appellant's motion to dismiss to a motion for summary judgment.
A second amended complaint was filed on April 6, 2001, naming appellees, DPS Trust and Millstein, as trustee, as the plaintiffs. On April 30, 2001, the trial court overruled appellant's motion for summary judgment. On that same date, appellant filed an answer and cross-petition to appellees' second amended complaint, alleging that DPS Trust fabricated claims to achieve colorable compliance with R.C. 5321.16.
A trial was held on May 10, 2001, before a magistrate. In a May 17, 2001 decision, the magistrate concluded that appellant was liable for the $100 re-rental fee and the November and December rent, but not liable for the carpet repairs. Therefore, he granted judgment to appellees in the amount of $670, with interest accruing at 10% from the date of judgment. The magistrate also granted judgment in favor of appellees on appellant's counterclaim. The trial court adopted this decision, in its May 17, 2001 judgment entry.
Appellant has filed a timely appeals and has made the following four assignments of error:
 "[1.] The [trial] court erred in holding that an accounting especially a false accounting, relating to a security deposit made to a tenant sixty-nine days after the tenant vacated the premises complied with [R.C.] 5321.16(B) which requires that the deduction from the security deposit shall be itemized and identified by the landlord by a written notice to the tenant together with the amount due within thirty days after termination of the rental agreement and delivery of possession.
 "[2.] The magistrate erred in failing to grant a hearing in order to consider [appellant's] request for statutory reasonable attorney fees.
 "[3.] The [trial] court erred in determining that a partnership may avoid the requirements of [R.C.] 1777.02
through 1777.05 by designating the partnership as a trust.
 "[4.] The [trial] court erred in overruling the motions of [appellant] and in failing to grant [apellant] judgment on her cross-complaint."
In her first assignment of error, appellant contends that DPS Trust failed to comply with R.C. 5321.16(B), which requires that a landlord provide a tenant written notice of any deduction from the security deposit within thirty days after termination of the rental agreement and delivery of possession.
John Matteo, the property consultant for Willow Vu, testified as follows on direct examination:
 "Q. Now, showing you what's been marked Plaintiff's Exhibit 3, can you tell me what this is * * *?
 "A. * * * This is a security disposition letter. That is sent to a former tenant after the suite's been inspected following the move-out and damages have been assessed.
"* * *
"Q. Now, this was sent on what date?
"A. This was mailed on January the 7th of 2000.
"* * *
 "Q. Was there a prior one sent within 30 days of [appellant] vacating the suite?
"A. Yes, there was."
In our review of the record, we could not locate any additional testimony on this matter, nor has appellant identified any portion of the record that would support her proposition that she never received the required notice. Because the only evidence before the trial court was that appellant received the appropriate notice, the trial court's conclusion that the required notice had been sent was supported by competent, credible evidence and was not against the manifest weight of the evidence. Buszkiewicz v. DiFranco (2000), 140 Ohio App.3d 126, 131. For the foregoing reasons, appellant's first assignment of error is without merit.
In her second assignment of error, appellant contends that she was entitled to a hearing to consider her request for attorney fees due to DPS Trust's failure to comply with the provision of R.C. 5321.16(B). Because appellant has failed to identify any evidential material supporting her contention that DPS Trust was in violation of R.C.5321.16(B), her second assignment of error is not well taken.
In her third assignment of error, appellant avers that DPS Partnership was not in compliance with R.C. 1777.02, which requires a partnership transacting business in Ohio under a fictitious name to file a certificate stating the names of all the members of the partnership; therefore, DPS Partnership could not commence an action against appellant.
While appellant's allegations appear to be factually and legally correct, they have no bearing on the resolution of the instant matter. Appellees' second amended complaint names DPS Trust, and Millstein, the trustee, as the plaintiffs, not DPS Partnership. The partnership's only role in this litigation is as the beneficiary of the trust. "A person who has capacity to take and hold the legal title to property has the capacity to be the beneficiary of a trust of such property." Restatement of the Law, 2d, Trusts (1959), Section 116. There is no suggestion in appellant's brief that DPS Partnership lacks capacity to be the beneficiary of the DPS Trust.
R.C. 1777.04 prohibits a partnership that is in violation of R.C. 1777.02
from commencing an action in the partnership's name. Therefore, DPS Partnership would have been prohibited from commencing an action against appellant in the partnership's name, because it is currently in violation of R.C. 1777.02. However, there is no statutory prohibition against DPS Partnership owning land. Because DPS Partnership has the capacity to take and hold legal title to property, it is capable of being the beneficiary of the DPS Trust. To the extent that appellant is challenging the validity of the trust itself within the context of her third assignment of error, DPS Partnership's non-compliance with R.C. 1777.02 does not invalidate the trust, nor does it prevent DPS Trust from maintaining an action against appellant for breaking her lease. Therefore, appellant's third assignment of error lacks merit.
In her fourth assignment of error, appellant raises two issues. First, appellant argues that the trial court improperly permitted appellees to amend their complaint. Civ.R. 15(A) provides that leave of court to amend a pleading "shall be freely given when justice so requires." However, "motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." Turner v. Cent. Local School Dist., 85 Ohio St.3d 95,99, 1999-Ohio-207. Here, appellant has failed to make a showing of bad faith, undue delay, or undue prejudice.
Appellant filed her first set of interrogatories on October 25, 2000. Her fourth interrogatory asked appellees to state the full name and address of the owner of her unit. Appellees responded that the owner of the unit was DPS Partnership. On February 14, 2001, appellant filed a motion to dismiss the complaint on the grounds that pursuant to R.C.1777.04, DPS Partnership, as a result of its non-compliance with R.C.1777.02, was not entitled to maintain an action on a contract. On March 28, 2001, appellees filed a motion for leave to amend their complaint, stating that due to "confusion and/or misunderstanding" they had failed to properly identify the plaintiff or plaintiffs in their action.
While appellees' failure to identify the proper plaintiffs in the instant matter between October 25, 2000, when appellant propounded her first set of interrogatories, and March 28, 2001, when appellees filed a motion for leave to file a second amended complaint, indicates a glaring lack of knowledge on the part of counsel as to the ownership structure of the entity he was representing, appellant has failed to make an argument or provide any material of an evidential quality in support of the proposition that she was unduly prejudiced by appellees' behavior, or that appellees were acting out of bad faith, as opposed to counsel's ineptness in disclosing the true identity of the proper plaintiffs in this case.[2]
The second issue raised by appellant in her fourth assignment of error is that the trial court improperly granted judgment in favor of appellees on her counterclaim. Once again, we would note that appellant failed to introduce any evidential material suggesting that appellees were not in compliance with R.C. 5321.16. Therefore, we cannot discern any error on the part of the trial court with respect to its ruling on appellant's counterclaim, and appellant's fourth assignment of error lacks merit.
For the foregoing reasons, the judgment of the Willoughby Municipal Court is affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.
[1] The appellees in this matter are DPS Trust, d.b.a. Willo Vu, and its trustee, Kevan Millstein ("Millstein").
[2] In this context, the court is disappointed with the conduct of the general counsel for Willo Vu Apartments. In an April 4, 2001 letter to appellant's counsel, the general counsel for Willo Vu accused appellant's attorney of misleading the trial court concerning the facts of this matter. With respect to the issue of "misleading" the trial court, we would note that the initial complaint in the case sub judice was filed on July 31, 2000, with Willo Vu as the named plaintiff. Not until March 28, 2001, almost eight months later, did appellees identify themselves as the plaintiffs.
Further, Albert Demb was named the trustee of DPS Trust on March 24, 1969. When appellant's attorney spoke to Mr. Demb, Mr. Demb was unaware of his obligations as trustee. Any complaint filed by Willo Vu against one of its tenants during the thirty-one years he served as trustee of DPS Trust, should have named Mr. Demb as a plaintiff, yet the record suggests that Mr. Demb had forgotten that he held this position until prompted by Willo Vu's general counsel. While Millstein is the current trustee of DPS Trust, his appointment occurred only on April 3, 2001, the day prior to Willo Vu's general counsel drafting his letter accusing appellant's counsel of misleading the trial court.
We would further note that Willo Vu's general counsel, in his April 4, 2001 letter, threatened to seek Civ.R. 11 sanctions against appellant's attorney. Given the facts and circumstances surrounding the letter as set forth above, particularly with regard to appellees' evasiveness in the course of discovery, this conduct could be construed as an effort on the part of a corporate entity to intimidate an opponent who lacks comparable financial resources. This court indicates that this type of conduct is to be curtailed and not reoccur. We advise Willo Vu's general counsel to carefully consider the merits of his client's position before threatening an opponent with Civ.R. 11 sanctions in the future.